Gaston, J.
In every point of view, in which this case can be regarded, we are of opinion that the plaintiff had no right to recover.
By submitting to a nonsuit it must be understood, that the factsdestified by the witnesses are admitted to be true, and the sole question is, whether,, assuming them to be so, the plaintiff could ask for a verdict, Now it is admitted, and if *246 it were not, it is apparent, because of the reasons stated by his Honor below, that he could not recover on the first or second count in his declaration. It is insisted, however, that he might recover on the third count, because the indor-sation, made by the defendant to the plaintiff, on the constable’s receipt concluded him from denying against the plaintiff, that the claim in the constable’s hands belonged, at the time of such indorsation, to the defendant, and that he thereby assigned all his beneficial interest therein to the plaintiff. "When, therefore, the defendant afterwards received payment ef this claim, the law raised an assumpsit to pay it over to the plaintiff as money received for his use. Now, without stopping to inquire into the force of this argument, had the receipt indorsed purported to be for a claim belonging to the defendant, its foundation is taken away, when it is seen that the receipt declared that the claim belonged to Whitty, was put into the constable’s hands for Whitty through the agency of the defendant, and was to be returned or accounted for to WThilty. Upon an indorsation of such a receipt, there is no estoppel or legal conclusion against the defendant that the transaction is not what it purports to be, that is to say, an order by the defendant to pay over to the plaintiff money due to Whitty. When this money is afterwards received by the defendant, the law will indeed raise an assumpsit against him, but it will raise the assumpsit in favor of the person to whom it was due; and upon the evidence, it was unquestionably due to Whitty and not to the plaintiff The judgment must be affirmed with costs.
Per Curiam, Judgment affirmed.